**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES F. GILBERT and SANDRA D. GILBERT,<br><br>Plaintiffs,<br><br>v.<br><br>BMO HARRIS, N.A.; NATIONSTAR MORTGAGE LLC, D/B/A MR. COOPER; AMERICAN HONDA FINANCE CORPORATION; FORD MOTOR CREDIT COMPANY LLC, D/B/A LINCOLN AUTOMOTIVE FINANCIAL SERVICES; TAMMAC HOLDINGS CORPORATION D/B/A TAMMAC FINANCIAL; WELLS FARGO BANK, N.A.; TRANSUNION, LLC; and EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | ) | Case no. 2019 CV 01686<br><br>Hon. John Robert Blakey<br>*District Judge*<br><br>Hon. Mary M. Rowland<br>*Magistrate Judge* |

**TAMMAC HOLDING CORPORATION'S**
**MOTION FOR SUMMARY JUDGMENT**

TAMMAC HOLDING CORPORATION, incorrectly named herein as TAMMAC HOLDINGS CORPORATION D/B/A TAMMAC FINANCIAL ("Tammac"), by its undersigned attorneys and pursuant to Rule 56, hereby moves for summary judgment on Count Five and any other claims against it in the Complaint as there are no genuine issues of material fact and this defendant is entitled to judgment as a matter of law. In support thereof, Tammac hereby states:

## I. DISCUSSION

As the Court concluded in *Hines v. Marion County Election Bd.*, 166 F.R.D. 402, 406 (S.D. Ind. 1995), *quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986):

> "When the standard embraced in Rule 56(c) is met, summary judgment is mandatory. As stated in *Celotex*, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action.... The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment; disputed facts must be outcome determinative.... The party opposing a summary judgment motion bears an affirmative burden of presenting evidence that a disputed issue of material fact exists."

In this case, accordingly, summary judgment should be granted in favor of Tammac and as against Plaintiffs CHARLES F. GILBERT AND SANDRA D. GILBERT (the "Gilberts") because they are not customers of Tammac. As Tammac has made clear since it was first served in this action, it does not "do business as Tammac Financial Corporation" and there is thus no cause for it to be party to these proceedings. *See Hall*, 2003 U.S. Dist. LEXIS 26595, at *19-20 ("In sum, unfortunately for Mr. Hall, he has sued the wrong company.... Norfolk Southern's Motion for Summary Judgment is therefore granted"). *See also* Statement of Facts, ¶¶1-5.

Tammac's corporate disclosures, its initial disclosures, its answer to the complaint, and correspondence among the parties in these proceedings all confirm the same thing – Tammac Holdings is a Delaware corporation owned by LL Capital Partners I, L.P. (85%) and Robert Tambur (15%). It's registered agent in Pennsylvania is CT Corporation System, 600 North Second Street, in Harrisburg Pennsylvania, where it was served by the plaintiffs. See Docket no. 36. There is a legal entity known as "Tammac Financial Corp." and that entity is also a Delaware corporation, but its Pennsylvania registration shows a registered office at 100 Commerce Boulevard in Wilkes-Barre Pennsylvania. *See* Statement of Facts, ¶¶6-7.

This case is thus substantially different than *Parker v. Scheck Mechanical Corp.*, 772 F.3d 502 (7th Cir. 2014). In *Parker,* an employee sought to pursue relief under Title VII, claiming that "'Scheck Industries' had fired him after just a few months on the job [and that] workplace

discrimination had motivated his discharge." 772 F.2d at 503. The Seventh Circuit found that:

> "As best we can tell, the name "Scheck Industries" refers not to a legal entity but to a group of closely held construction companies including Scheck Mechanical and Scheck Industrial. The EEOC issued Parker a right-to-sue letter, explaining that the agency had investigated but was unable to confirm his allegations. The agency's letter did not suggest that "Scheck Industries" never employed Parker or that an entity with that name did not exist. In fact, Parker's employer apparently used that name in dealing with the EEOC, since the agency's letter to Parker was copied to 'Scheck Industries.'" *Id.*

The Court found that the "different Scheck entities" were treated interchangeably in their shared website and that the plaintiff, who had proceed *pro se,* likewise named "the defendant sometimes as 'Scheck Mechanical Corp.,' sometimes as 'Scheck Industrial,' and sometimes as 'Scheck Corporation' or simply 'Scheck.' For example, the caption names Scheck Industrial as the defendant, but Scheck Mechanical is listed under 'Parties.'" 772 F.2d at 503-04. The plaintiff, Parker, had served someone who served as the registered agent for both Scheck Mechanical and Scheck Industrial. *Id.* And, the Court found, when the defendant against whom default judgment was later entered later claimed that it was not the plaintiff's employer:

> "Parker responded that he was actually employed by Scheck Mechanical because, by all appearances, that company and Scheck Industrial are one and the same. The line between them is 'blurred,' he insisted, as is evident from their overlapping corporate officers and shared office space. He noted that Peach—while saying that he worked only for Scheck Mechanical—claimed to have personal knowledge of why Parker had been fired, which implied access to Parker's employment records with Scheck Industrial. Parker also maintained that amending his complaint or serving Scheck Industrial would be redundant because he had already named Scheck Industrial in the complaint and served process on O'Sullivan, who was the registered agent for both Scheck Mechanical and Scheck Industrial." 772 F.2d at 504.

The Seventh Circuit rejected the idea that only Scheck Mechanical had been sued to begin with, noted that the complaint was served on the registered agent for both entities, and found it "strained and unreasonable" for Scheck Mechanical to proceed as it did, offering no explanation

as to “why it thought it was being sued if Parker worked for the other ‘completely separate company’ named in his complaint.” 772 F. 2d at 505-06.

In this case, to the contrary, the complaint never identifies “Tammac Financial Corp.” as a legal entity but instead identifies “Tammac Financial” as a DBA for this defendant, an allegation made repeatedly despite the lack of any evidence to support such a conclusion. *See Goodman v. National Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010) (“[This Court] often call[s] summary judgment, the 'put up or shut up' moment in litigation... by which [the Court] means that the non-moving party is required to marshal and present the court with the evidence she contends will prove her case...”).

In this case, summary judgment should be granted in favor of Tammac there is no suggestion, let alone any evidence to suggest that the two entities, Tammac Financial and Tammac Holdings used their names interchangeably – either on a website as in *Parker* or otherwise. There is no suggestion that both entities were somehow named in the complaint or that they shared an agent so that service on that agent could somehow be construed to mean both entities had been served. It is true that Robert Tambur has an interest in both companies. He owns 15% of Tammac Holdings and he is an officer with Tammac Financial but the Secretary of State’s records confirm that the companies do not otherwise share any officers. See Statement of Facts, ¶8. But there is no suggestion, let alone any evidence to support the conclusion, that Tammac Holdings has access to any of Tammac Financial’s confidential records, making this case substantially different than *Parker* in every respect.

There is simply no reason to treat the two entities as interchangeable – other than plaintiff’s claiming as much – and summary judgment should therefore be granted in favor of

Tammac. *See also* Tammac's Rule 56 Statement of Facts (incorporated herein by reference); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ("In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial");

## II. CONCLUSION

WHEREFORE, TAMMAC HOLDING CORPORATION, incorrectly named herein as TAMMAC HOLDINGS CORPORATION D/B/A TAMMAC FINANCIAL ("Tammac"), by its undersigned attorneys and pursuant to Rule 56, hereby moves for summary judgment on Count Five and any other claims against it in the Complaint as there are no genuine issues of material fact and this defendant is entitled to judgment as a matter of law, Tammac thus requesting that judgment be entered in its favor and as against CHARLES F. GILBERT and SANDRA D. GILBERT (the "Gilberts") and that Tammac be awarded its costs of suit and such additional and further relief as the Court deems just and proper or to which Tammac is otherwise entitled as a matter of law.

Respectfully submitted,

TAMMAC HOLDING CORPORATION,

By: /s/ Ted A. Donner
One of its Attorneys

Ted A. Donner
DONNER & COMPANY LAW OFFICES LLC
1125 Wheaton Oaks Court
Wheaton, Illinois 60187
(630) 588-1131
tdonner@donnerco.com